

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

June 9, 2014

**BY ECF**
Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

         Re:    *Bickel & Brewer v. United States Department of Health and Human Services, et al.*, 14 Civ. 2278 (GHW)

Dear Judge Woods:

      On behalf of the parties in the above-captioned matter, I respectfully submit this joint status letter as directed by Your Honor's Notice of Initial Pretrial Conference, dated April 7, 2014, and the Court's subsequent Order granting Letter Motion for Conference, dated May 30, 2014.

    **A. Nature of the Case and Claims and Defenses of the Parties**

      Plaintiff commenced this action under 5 U.S.C. § 552(a)(6)(C)(i) to compel the National Institute of Environmental Health Sciences ("NIEHS") and the Department of Health and Human Services ("DHHS") (collectively "Defendants" or the "Government") to provide Plaintiff with the records and information Plaintiff has requested under the Freedom of Information Act ("FOIA") (the "FOIA Request"). Specifically, on May 7, 2013, Plaintiff made its initial request for information under FOIA to the NIEHS Administrator. In the course of its correspondence with Plaintiff over the next four months, the NIEHS withheld or redacted from records that it did release alleged confidential commercial information under FOIA exemption 4. Plaintiff filed an administrative appeal to the DHHS on October 2, 2013. To date, DHHS has not responded to this appeal. Plaintiff asserts that the NIEHS violated FOIA by improperly withholding or redacting information that is neither confidential nor commercial, and that DHHS has violated FOIA by failing to reply to Plaintiff's administrative appeal within twenty business days.

      Plaintiff seeks the following relief in this action: (1) an order declaring that the NIEHS was not justified in asserted the privilege of 5 U.S.C. § 552(b)(4) and thus improperly withheld or redacted NIEHS documents; (2) an order declaring that the DHHS failed to timely respond to Plaintiff's administrative appeal in violation of 5 U.S.C. § 552(a)(6)(A)(ii); (3) an order pursuant to 5 U.S.C. § 552(a)(3)(A) requiring the NIEHS to immediately produce complete and

unredacted copies of all documents requested in Plaintiff's administrative appeal; and (4) pursuant to 5 U.S.C. § 552(a)(4)(E), Plaintiff's costs and reasonable attorneys' fees.

Defendants filed their Answer on May 12, 2014, in which they asserted the following defenses:  (1) failure to state a claim; (2) some or all of the requested documents are exempt from disclosure; (3) exceptional circumstances exist that necessitate additional time for the Government to process and/or respond to Plaintiff's FOIA request; (4) the Court lacks subject matter jurisdiction over the Complaint in whole or in part because Plaintiff failed to exhaust administrative remedies; (5) the Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceed relief authorized by statute under FOIA; and (6) Plaintiff is not entitled to declaratory relief.

### B.  Subject Matter Jurisdiction and Venue

The parties agree that the Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 28 U.S.C. § 1331, except to the extent that Plaintiff seeks relief beyond that authorized by FOIA[1] or attempts to raise issues that were not properly presented to the agency in the first instance.[2]  The parties also agree that venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C).

### C.  Anticipated Motions

It is the Government's view that this matter should be resolved on a motion for summary judgment.  *See, e.g.*, *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."); *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment").  Accordingly, the Government intends to submit a motion for summary judgment on the issue of whether the Defendants properly redacted certain documents disclosed in response to Plaintiff's FOIA request under Exemption 4(b).[3]  *See* 5 U.S.C. § 552(b)(4).  The Government anticipates that the primary issue to be addressed in its motion is whether the redacted information is "commercial" within the meaning of Exemption 4.  The parties will be prepared to discuss a briefing schedule at the upcoming conference.

---

[1]   The Government notes that declaratory relief is not a remedy contemplated by FOIA.  Rather, the remedy authorized by statute is to order the disclosure of documents.  *See* 5 U.S.C. § 552(a)(4)(B).

[2]   With respect to exhaustion, the Government concedes that Plaintiff timely appealed Defendants' FOIA response and that the issues raised in Plaintiff's administrative appeal have been properly exhausted.  To the extent that Plaintiff seeks to raise issues not clearly raised to the agency, however, such claims would not be properly exhausted.

[3]   Though the complaint also asserts that certain documents were completely withheld, *see* Compl. ¶¶ 22(c), 29(a), counsel for the Government understands that no responsive documents were withheld and that the documents allegedly withheld in fact do not exist.

### D. Other Applications

The redacted information in question was contained in grant applications from a Professor at Harvard University and was required to be submitted to NIEHS in connection with the grant application. The "commercial" interest in this matter is primarily Harvard's. Accordingly, Harvard is presently evaluating whether to intervene in this matter to also defend the redactions at issue. *See* Fed. R. Civ. P. 24; *see also Dow Jones & Co., Inc. v. U.S. Dep't of Justice*, 161 F.R.D. 247 (S.D.N.Y. 1995) (Sotomayor, J.) (permitting intervention as of right, and alternatively permissive intervention in FOIA action); *accord Nat'l Parks and Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974) (concluding that the legislative history of FOIA "firmly supports an inference that [Exemption 4] is intended for the benefit of persons who supply information as well as the agencies which collect it").

### E. Discovery

To date, there has been no discovery conducted in this case. The parties disagree as to whether discovery is appropriate prior to the filing of a summary judgment motion by the Government (or by Harvard should it choose to intervene).

Plaintiff's Position on Discovery

Plaintiff contends that it should be permitted limited discovery regarding the issue of Defendants' delay in processing the FOIA Request and in responding to Plaintiff's administrative appeal. *See Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, No. 05 Civ. 2078, 2006 WL 1518964, at *3-6 (D.D.C. June 1, 2006) (granting the plaintiff's motion for discovery in the form of time-limited depositions because the plaintiff raised a sufficient question of bad faith on the part of government to "warrant limited discovery for the purpose of exploring the reasons behind [purported] delays in processing [plaintiff's] FOIA requests"); *Gilmore v. DOE*, 33 F. Supp. 2d 1184,1190 (N.D. Cal. 1998) (when plaintiff claimed existence of pattern and practice of unreasonable delay in responding to FOIA requests, permitting discovery regarding agency's "policies and practices for responding to FOIA requests, and the resources allocated to ensure its compliance the FOIA time limitations"). As discussed above, Plaintiff made its initial FOIA Request over thirteen months ago. When the NIEHS withheld and/or redacted alleged confidential commercial information under FOIA exemption 4, Plaintiff filed an administrative appeal to the DHHS on October 2, 2013. To date, DHHS has entirely failed to respond to this appeal. Accordingly, Plaintiff respectfully requests that the Court permit limited discovery at this time regarding Defendants' delay in processing Plaintiff's FOIA Request and in responding to Plaintiff's administrative appeal.

Defendant's Position on Discovery

It is the Government's position that discovery is inappropriate in this FOIA action, particularly at this stage of the case. "FOIA actions are typically resolved without discovery." *Voinche v. FBI*, No. 04 Civ. 1824, 2006 WL 177399, at *9 (D.D.C. Jan. 24, 2006), *aff'd*, 2007 WL 1234984 (D.C. Cir. 2007); *see also Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions"); *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("discovery in a FOIA action is generally

inappropriate"). Indeed, FOIA matters are normally resolved on summary judgment without discovery. *See, e.g.*, *Wood v. F.B.I.*, 432 F.3d 78, 84-85 (2d Cir. 2005) (Sotomayor, J.) (discovery in FOIA action relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("same"); *Gertskis v. U.S. E.E.O.C.*, No. 11 Civ. 5830 (JMF), 2013 WL 1148924, at *14 (S.D.N.Y. Mar. 20, 2013) ("A court need not authorize discovery on FOIA claims, however, and may award summary judgment based upon the agency affidavits").

Discovery in a FOIA case is exceedingly rare, and should be permitted only if, *after* the agency has satisfied its burden to justify its FOIA response, the plaintiff "make[s] a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Carney*, 19 F.3d at 812 (internal citation omitted); *see also Fox News Network, LLC v. U.S. Dep't of Treasury*, 911 F. Supp. 2d 261, 270 (S.D.N.Y. 2012) (same); *Danbury Area Coalition for Rights of Immigrants v. U.S. Dep't of Homeland Sec.*, No. 03 Civ. 1992 (RNC), 2008 WL 2622782, at *1 (D. Conn. June 30, 2008) ("It is generally inappropriate to order discovery in an FOIA case unless the plaintiff can raise a sufficient question as to good faith or reasonableness of an agency's search for responsive documents"). Moreover, "[w]hen the courts have permitted discovery in FOIA cases, it is generally limited to the scope of the agency's search." *El Badrawi v. Dep't of Homeland Sec.*, 583 F. Supp. 2d 285, 301 (D. Conn. 2008). Here, because the scope of the search has not been challenged, discovery is not appropriate. And while Plaintiff complains that the Defendants did not timely respond to its administrative appeal, *see* Compl. ¶¶ 3, 32, 41, such a claim cannot defeat summary judgment. *See, e.g.*, *Hornbostel v. U.S. Dep't of the Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003) ("a lack of timeliness does not preclude summary judgment for an agency in a FOIA case"). Because the issue of timeliness cannot defeat summary judgment, it necessarily cannot serve as a basis to obtain discovery *prior* to the filing of a summary judgment motion. Finally, Plaintiff has made no claim – much less any showing – that the Government has acted in bad faith. Moreover, such a claim would only be appropriate after the Government moved for summary judgment. Indeed, in *Citizens for Responsibility & Ethics in Washington*, a case cited by Plaintiff here, the parties filed summary judgment briefs prior to the court deciding whether to permit limited discovery. And while the court permitted limited discovery, it did so only because "even after a full round of briefing and a motions hearing, there still remain unanswered questions regarding the government's position that what occurred here is an ordinary and normal processing of a voluminous FOIA request." *Citizens for Responsibility & Ethics in Washington,* 2006 WL 1518964, at *3.[4] Accordingly, no discovery should be permitted at this stage of the proceedings.[5]

---

[4] The *Gilmore* case referenced by Plaintiff is also inapposite. First, unlike this case, the plaintiff in *Gilmore* alleged that the agency had engaged in a "pattern or practice" of unreasonable delay. As this issue was the basis for discovery in *Gilmore*, and such a claim is not alleged here, reliance on *Gilmore* is misplaced. Moreover, in *Gilmore*, the agency first and fully denied the plaintiff's FOIA request "nearly six months" after it was made. *Gilmore*, 33 F. Supp. 2d at 1186 n.1. Here, the Agency acknowledged receipt of Plaintiff's FOIA request two weeks

**F. Settlement Discussions**

The parties engaged in settlement discussions on June 5, 2014, and will continue to engage in such negotiations in good faith in an effort to resolve this matter without further litigation.

* * * * *

On behalf of the parties, I thank the Court for considering this letter, and look forward to discussing this matter with the Court at the June 16 conference.

    Respectfully,

    PREET BHARARA
    United States Attorney

By:    */s/ James Nicholas Boeving*
    JAMES NICHOLAS BOEVING
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel.:  (212) 637-2748
    Fax:  (212) 637-2686

Cc:    By Electronic Mail
    William Andrew Brewer, Esq.
    Email: wab@bickelbrewer.com

    Kaleb McNeely, Esq.
    Email: kxm@bickelbrewer.com
    *Counsel for Plaintiff*

---

after it was made and began producing responsive records two months later, after previously discussing the production with Plaintiff in the interim. *See* Compl. ¶¶ 14-18.

[5]    In addition, the discovery proposed would do nothing to advance Plaintiff's ultimate aim – to obtain the redacted documents – and would only serve needlessly to increase the costs of this litigation. If the Court were to permit discovery on this completely irrelevant issue, the Government would request an appropriate order that Plaintiff be barred from seeking attorney's fees for discovery unrelated to whether or not the documents in question were properly redacted.